UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CAREY; LEONE CAREY; DOUGLAS CARPA and ROBERT TALBOT (or their successor trustees), as Trustees of the RANCH HOLDING TRUST; MICHAEL BLOOMQUIST (or his successor trustee), as Trustee of the HIDDEN MEADOWS HOLDING TRUST; PAMELA GRAFF; PATRICIA WELCH (aka PATRICIA KOERNER); STATE OF CALIFORNIA FRANCHISE TAX BOARD, and STATE OF CLAIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS,<br><br>　　　　Defendants. | 2:05-CV-2176-MCE-CMK<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

The United States filed the present action against Michael and Leone Carey; Douglas Carpa and Robert Talbot (both as trustees of the Ranch Holding Trust); Michael Bloomquist (as trustee of the Hidden Meadows Holding Trust); and various other defendants, seeking, *inter alia*, to foreclose federal tax liens

1

securing the Careys' federal income tax liabilities, plus penalties and interest, against certain real property located in Redding, Palo Cedro, and in Bella Vista, California.

The United States has filed a Motion to Strike Douglas Carpa and Michael Bloomquist's Answers because those Answers have allegedly been improperly filed. The United States further asks the Court to enter default against the Ranch Holding Trust and the Hidden Meadows Holding Trust ("Defendant Trusts"). For the reasons set forth below, the United States' Motion to Strike is granted, however, its Motion for entry of a Default Judgment is denied.[1]

**BACKGROUND**

According to the Government's Complaint, a delegate of the Secretary of the Treasury made assessments against the Careys for unpaid federal income taxes, plus penalties and interest, for the 1995 through 2000 tax years. Gov't. Compl., ¶19. As of November 18, 2004, there allegedly remains due and owing from the Careys, jointly and severally, the sum of $6,473,034.57 on the assessments, plus accrued interest, penalties and other statutory additions as provided by law. *Id.* at ¶20. The United Stated contends that, to date, the Careys have neglected, failed, or refused to fully pay to the indebted amounts. *Id.* at ¶21.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**ANALYSIS**

**1)  Motion to Strike**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994))(internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.*

The United States avers that the Court should strike the Ranch Holding Trust and the Hidden Meadows Holding Trust Answers because those Answers were improperly filed by Defendants Douglas Carpa and Michael Bloomquist in *propria persona*.

The Ninth Circuit has clarified that "[a]lthough a non-attorney may appear in *propria persona* in his own behalf, that privilege is personal to him...[and he] has no authority as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (internal citations and quotations omitted).

1 In addition, this Court's local rules require that all entities,
2 such as a trust, be represented by counsel in matters before this
3 Court.  See Local Rule 83-183(a).  Despite these clear mandates
4 that the Defendant Trusts be represented by counsel in this
5 proceeding, Defendant Carpa contends that certain Treaties to
6 which the United States is a signatory protect his right to
7 defend the Trust in *propria persona* as its trustee.  Def. Opp.,
8 ¶2-7.  The Court finds no merit to this argument.  The Supreme
9 Court has clarified the issue as follows:

> First, while we should give respectful consideration to the interpretation of an international treaty rendered by an international court with jurisdiction to interpret such, it has been recognized in international law that, *absent a clear and express statement to the contrary, the procedural rules of the forum State govern the implementation of the treaty in that State*.

14 *Breard v. Greene*, 523 U.S. 371, 375 (U.S. 1998)(citing *Sun Oil
15 Co. v. Wortman*, 486 U.S. 717, 723 (1988); *Volkswagenwerk
16 Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988); *Societe
17 Nationale Industrielle Aerospatiale v. U.S.D. Ct. S.D. of Iowa*,
18 482 U.S. 522, 539 (1987)(emphasis added).  In light of the
19 procedural nature of the requirement that entities be represented
20 by counsel, those procedural rules unquestionably govern.

21      The foregoing makes plain that the Answer filed by Defendant
22 Carpa on behalf of the Ranch Holding Trust and the Answer filed
23 by Defendant Bloomquist on behalf of the Hidden Meadows Trust
24 were improperly filed because neither Trust was represented in
25 this matter by an attorney.  Accordingly, those Answers are
26 stricken from the record pursuant to Rule 12(f).
27 ///
28 ///

4

**2) Default Judgment**

The United States has requested this Court enter a default judgment in favor of it due to Defendant Trusts' failure to answer the Complaint lodged against them. The starting point for considering whether to grant a motion for entry of default judgment is the general rule that default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Cases should be decided upon their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). In addition, whether to grant a motion for default judgment is within the court's discretion. *Eitel*, 782 F.2d at 1472. The Ninth Circuit has set forth factors which may be considered in exercising this discretion: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.*

First, there is no evidence in the record that permitting the Defendant Trusts to properly answer the United States' Complaint will prejudice the United States. In addition, the Court finds that the strong policy favoring decisions on the merits militates in favor of permitting the Defendant Trusts to answer the United States' Complaint.

///

Lastly, in accord with Ninth Circuit teachings, this is a case where it is reasonably possible to adjudicate the merits of the United States' claims.  *See Pena*, 770 F.2d at 814.  Consequently, the United States' Motion for Default Judgment is denied.

**CONCLUSION**

For the reasons set forth above, the United States' Motion to Strike Douglas Carpa's and Michael Bloomquist's Answers on behalf of Defendant Trusts is GRANTED.  The United States' Motion for Entry of Default Judgment Defendant Trusts is DENIED.  Defendant Trusts are granted thirty (30) days within which to answer the United States' Complaint through counsel.

IT IS SO ORDERED.

DATED: April 20, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6