UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:05-CV-2176-MCE-CMK |
| v. | MEMORANDUM AND ORDER |
| MICHAEL CAREY; LEONE CAREY; DOUGLAS CARPA and ROBERT TALBOT (or their successor trustees), as Trustees of the RANCH HOLDING TRUST; MICHAEL BLOOMQUIST (or his successor trustee), as Trustee of the HIDDEN MEADOWS HOLDING TRUST; PAMELA GRAFF; PATRICIA WELCH (aka PATRICIA KOERNER); STATE of CALIFORNIA FRANCHISE TAX BOARD, and STATE of CALIFORNIA DEPARTMENT of INDUSTRIAL RELATIONS, | |
| Defendants. | |
| MICHAEL CAREY and LEONE CAREY, | |
| Cross Claimaints, | |
| v. | |
| UNITED STATES OF AMERICA, and STATE of CALIFORNIA FRANCHISE TAX BOARD, | |
| Cross Defendants. | |

1

Through the present action, the United States of America ("United States") seeks, *inter alia*, to foreclose federal tax liens, plus penalties and interest, against certain real property as provided by 26 U.S.C. § 7403.  This action has been brought against Michael and Leone Carey ("Careys"); Douglas Carpa and Robert Talbot (both as trustees of the Ranch Holding Trust); Michael Bloomquist (as trustee of the Hidden Meadows Holding Trust); and various other Defendants including the State of California Franchise Tax Board ("FTB").[1]

Section 7403(b) requires the United States to name as defendants all parties "having liens upon or claiming any interest in the property involved" in the action.  Given the FTB's interest in its own tax liens against the Careys, the United States was statutorily mandated and, consequently, did name the FTB as a Defendant.  In response to having been named as a Defendant in this action, the FTB filed an Answer accompanied by copies of the certified liens held against the Careys' property.

On April 10, 2006, the Careys filed a counter claim against the FTB and against nonparty Bill Lockyer, as counsel for the FTB, pursuant to Fed. R. of Civ. P. 13.  This counter claim alleges the following injuries: (1) criminal fraud of identify theft (for the "unauthorized use of the Carey's identity ... to foreclose on an instrument not evidenced in the record");
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

(2) involuntary servitude ("legal coercion to seize property and money not due and owing"); (3) libel and/or libelous slander ("by the filing of an unsupported civil action"); and (4) "breach of trust by violating the cestui que trusts" by naming them as parties defendant and "implying the trusts ... hold ... property that can be attached" by the FTB. Counter Claim, p. 4, ¶ 7. For these alleged injuries, the Careys claim damages in the amount of $19,747,252.70. Counter Claim, p. 9.

Now before this Court is the FTB's unopposed Motion to Dismiss the Careys' counter claim for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service, insufficiency of service of process, and for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (2), (4), (5) and (6). Because it is dispositive, the Court will only address the FTB's 12(b)(1) ground for dismissal. For the reasons set forth below, the FTB's Motion to Dismiss is granted without leave to amend.

**BACKGROUND**

The Court has already set forth a detailed factual background for this action in its Order dated April 20, 2006, which is incorporated by reference and need not be reproduced herein. Mem. & Order 2, April 20, 2006.

///
///
///
///

**STANDARD**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack"). *Thornhill Publ'g Co. v. Gen. Tel. & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981); *Mortensen*, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733 (quoting *Mortensen*, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

///
///
///
///

**ANALYSIS**

**1. Eleventh Amendment**

The FTB seeks dismissal of the Careys' claims on the ground that the Eleventh Amendment bars any suit in law or equity commenced or prosecuted against the State. Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state. *See Coll. Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999). In fact, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend XI.

The Amendment has been interpreted as applying to suits against a state by its own citizens. *See Hans v. La.*, 134 U.S. 1, 15 (1890). The Amendment also bars suits against state agencies. *See Fl. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1981).

The Careys do not oppose the FTB's Motion to Dismiss their claims based on Eleventh Amendment immunity. Indeed, they fail to respond to the FTB's Motion to Dismiss in any respect. Nonetheless, the Court has an independent obligation to examine jurisdiction. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004).

///

As noted above, the Careys allege criminal fraud, involuntary servitude, libel and, breach of trust against the FTB in direct response to the FTB's submission of an Answer in this matter setting forth their interest in the Careys' property with respect to enforcement of tax obligations.  The Court finds that adjudicating the Careys' claims would coercively affect the legal position of the State via federal court jurisdiction in violation of the Eleventh Amendment.  *See Mitchell v. Franchise Tax Bd. (In re Mitchell)*, 209 F.3d 1111, 1117 (9th Cir. 2000) (internal citations omitted).  There is no evidence in the record that the FTB has abrogated or waived this immunity.  Accordingly, the Careys' counter claims as against the FTB must be dismissed.  In addition, because amendment cannot cure this defect, no leave to amend will be granted.

**2.   Violation of the Pretrial Scheduling Order**

The Careys attempt, through their counter claim, to join Bill Lockyer is fatally flawed.  Specifically, in its Pretrial Scheduling Order ("PTSO"), the Court provides that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."  Pretrial Scheduling Order, p. 2.  The Careys did not request leave of this Court to join Lockyer nor have they provided sufficient cause for seeking to join him in direct violation of the PTSO.  Accordingly, the claims against Bill Lockyer are dismissed.

///
///

**CONCLUSION**

For the reasons set forth above, the Careys' counter claim against the FTB is dismissed in its entirety without leave to amend. Additionally, the Careys' claims against Bill Lockyer are dismissed without leave to amend.

IT IS SO ORDERED.

DATED: June 14, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE