```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,
                                        2:05-cv-2176-MCE-CMK
          Plaintiff,

     v.                                 MEMORANDUM AND ORDER

MICHAEL CAREY; LEONE CAREY;
DOUGLAS CARPA and ROBERT
TALBOT (or their successor
trustees), as Trustees of the
RANCH HOLDING TRUST; MICHAEL
BLOOMQUIST (or his successor
trustee), as Trustee of the
HIDDEN MEADOWS HOLDING TRUST;
PAMELA GRAFF; PATRICIA WELCH
(aka PATRICIA KOERNER); STATE
of CALIFORNIA FRANCHISE TAX
BOARD, and STATE of CALIFORNIA
DEPARTMENT of INDUSTRIAL
RELATIONS,

          Defendants.
_____

MICHAEL CAREY and LEONE CAREY,

          Cross Claimants,

     v.

UNITED STATES OF AMERICA, and
STATE of CALIFORNIA FRANCHISE
TAX BOARD,

          Cross Defendants.
```

1

Through the present action, the United States of America ("United States") seeks, *inter alia*, to foreclose federal tax liens, plus penalties and interest, against certain real property as provided by 26 U.S.C. § 7403. This action has been brought against Michael and Leone Carey ("Careys"); Douglas Carpa and Robert Talbot (both as trustees of the Ranch Holding Trust); Michael Bloomquist (as trustee of the Hidden Meadows Holding Trust); and various other Defendants.[1]

On April 10, 2006, the Careys filed a Counter Claim against the United States and against Paul S. Ham ("Ham") and McGregor W. Scott ("Scott"), as counsel for the United States, pursuant to Fed. R. of Civ. P. 13. This Counter Claim alleges the following injuries: (1) criminal fraud of identify theft (for the "unauthorized use of the Carey's identity ... to foreclose on an instrument not evidenced in the complaint"); (2) involuntary servitude ("legal coercion to seize property and money not due and owing"); (3) libel ("by the filing of an unsupported civil action"); and (4) "breach of trust by violating the cestui que trusts" by naming them as parties defendant and "implying the trusts ... hold ... property that can be attached" by the United States. Counter Claim, p. 2-3, ¶ 4. For these alleged injuries, the Careys claim damages in the amount of $32,365,172. Counter Claim, p. 7.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

Now before this Court is the United States' unopposed Motion to Dismiss the Careys' counter claim for 1) failure to state a claim upon which relief can be granted with respect to Ham and Scott in their individual capacities pursuant to Fed. R. Civ. P. 12(b)(6); and 2) failure to allege an applicable waiver of sovereign immunity for the substituted defendant United States pursuant to Fed. R. Civ. P. 12(b)(1).  For the reasons set forth below, the United States' Motion to Dismiss is granted.

**BACKGROUND**

The Court has already set forth a detailed factual background for this action in its Order dated April 20, 2006, which is incorporated by reference and need not be reproduced herein.  Mem. & Order 2, April 20, 2006.

**STANDARD**

**I.   12(b)(6) Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

///
///
///

A complaint will not be dismissed for failure to state a claim "'unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his or] her claim that would entitle [him or] her to relief.'" *Yamaguchi v. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996)).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The Court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment ...." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

**II.   12(b)(1) Motion to Dismiss**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack"). *Thornhill Publ'g Co. v. Gen. Tel. & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

///

4

If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981); *Mortensen*, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733 (quoting *Mortensen*, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

**ANALYSIS**

**1.   United States Substituted as Defendant**

The Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") provides that "upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose ... the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

///
///

Here, a delegate of the United States Attorney General has certified that Scott and Ham acted in the scope of their employment at all times relevant to the Careys' Counter Claim.

Accordingly, the Careys' claims against Scott and Ham in their individual capacities are dismissed without leave to amend. Those claims instead shall are deemed brought against the United States.

**2.     Sovereign Immunity**

The United States, as a sovereign, may not be sued without its consent, and the terms of its consent define this Court's jurisdiction. *United States v. Dalm*, 494 U.S. 596 (1990). The United States seeks to have the Careys' claims dismissed on the ground that the Careys' have failed to identify any statutory or judicial authority of waiver or consent.

Indeed, the Ninth Circuit has clarified that a party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (citing *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), cert. denied, 466 U.S. 958, 80 L. Ed. 2d 552, 104 S. Ct. 2168 (1984). Plaintiffs have flatly failed to satisfy their burden of showing an unequivocal waiver of immunity that would permit this Court to exercise jurisdiction over their claims. Accordingly, the Plaintiffs' claims against the United States are dismissed with leave to amend.

**CONCLUSION**

For the reasons set forth above, the Careys' claims against Scott and Ham in their individual capacities are dismissed without leave to amend. The Careys' claims against the United States are dismissed with leave to amend. The Court hereby orders that any such amendment shall be filed no later than ten (10) days from the date of this Order.

IT IS SO ORDERED.

DATED: June 27, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE