UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

MICHAEL CAREY, et al.,

      Defendants.

No. 2:05-cv-2176-MCE-CMK

ORDER

----oo0oo----

Upon consideration of the United States' Motion for an Order of Foreclosure; the Court's money judgment entered against defendants Michael and Leone Carey; the Court's determination that Michael and Leone Carey are the true and beneficial owners of the Palo Cedro, Redding, and Bella Vista properties despite any interest purportedly held by the Ranch Holding Trust, Hidden Meadows Holding Trust, and Pamela Graff; the disclaimer of State of California Department of Industrial Relations; the United States' stipulations with the State of California Franchise Tax Board and Pamela Welch; the Court hereby finds and orders as follows:

1

1    IT IS HEREBY ORDERED AND ADJUDGED that Michael and Leone
2 Carey remain indebted to the United States in the amount of
3 $7,475,749.08 (as of February 28, 2007) for their federal income
4 tax liabilities for 1995 through 2000 ("tax years at issue"),
5 plus any interest and penalties accruing thereafter.

6    IT IS HEREBY ORDERED AND ADJUDGED that Michael and Leone
7 Carey are the true and beneficial owners of the Palo Cedro,
8 Redding, and Bella Vista properties despite any interest
9 purportedly held by the Ranch Holding Trust, Hidden Meadows
10 Holding Trust, and Pamela Graff. Consequently, the United States'
11 tax liens against Michael and Leone Carey for their unpaid
12 federal incomes tax liabilities, plus penalties and interest, for
13 the tax years at issue attach to the Palo Cedro, Redding, and
14 Bella Vista properties.

15    IS HEREBY ORDERED AND ADJUDGED that the United States may
16 enforce its tax liens against Michael and Leone Carey against the
17 Palo Cedro, Redding, and Bella Vista properties which are
18 particularly described as follows:

19    A.   Palo Cedro Property, located at 22510 Heartwood Lane,
20 Palo Cedro, California 96073:

> Parcel A as shown on the map entitled "Parcel Map No. 26-73 in the unincorporated territory of Shasta County California. A portion of the N.W. 1/4 of the N.W. 1/4 of Section 4 Township 31 North, Range 3 West, M.D.B. & M., FOR ROBERT SILVA" recorded in the office of the County Recorder August 16, 1972 in Book 1 of Parcel Maps at page 110, Shasta County Records. Together with a non-exclusive easement for road and utility purposes over, under and across a strip of land 30.00 feet in width, lying Southerly of and adjoining the South line of said Parcel A. Said easement is for the benefit of and appurtenant to said Parcel A or any parts or portions thereof.

1     B.   Redding Property, located at 3041 Lawrence Road, Redding, California 96002:

> A portion of the NW of 1/4 of Section 8, Township 31 North, Range 4 West, M.D.M. Commencing at the Section corner common to Sections 5, 6, 7, & 8, Township 31 North, Range 4 West, M.D.M., thence South 89 Degrees 18' East, 1340.09 feet; thence South 0 Degrees 41' 16" East, 223.85 feet to the true point of beginning of this description; thence, continuing from said point of beginning South 0 Degrees 41' 16" East 90.00 feet to a point from whence an iron pin witness corner bears South 8 Degrees 21' East 20.00 feet, thence South 89 Degrees 21' East, 134.53 feet; thence 0 Degrees 41' 16" West 90.00 feet; thence North 89 Degrees 21' West 134.53 feet to the point of beginning. All iron pins referred to are marked R.E. 5438.

    C.   Bella Vista Property, located at 23658 Highway 299E, Bella Vista, California 96008:

> All that portion of the North one-half of the Southwest one-quarter of Section 35, Township 33 North, Range 3 West, M.D.B. & M., lying North of the California State Highway No. 299E.
>
> Excepting therefrom all that portion conveyed in the deed to Kenneth E. Spencer and Ruth Melba Spencer, husband and wife, recorded March 16, 1970 in Book 1022 of Official Records, Page 270, Shasta County Records. Also excepting therefrom "All mineral lands except coal or iron lands" as excepted in the patent from the United States of America, recorded April 7, 1896 in Book 5 of patents, page 275, Shasta County Records. Also excepting therefrom one-third of all minerals or other hydrocarbon substances in said above described property with the right to enter upon said land and remove the same as reserved in the deed recorded April 28, 1960 in book 633 official records at page 292, Shasta County Records.

///
///
///
///
///
///

1    Accordingly, and pursuant to, inter alia, Sections 7402(a)
2 and 7403 of 26 U.S.C., and Sections 2001 and 2002 of 28 U.S.C.,
3 the federal tax liens underlying the money judgment entered
4 Michael and Leone Carey are hereby enforced against the Palo
5 Cedro, Redding, and Bella Vista properties, and all improvements,
6 buildings, and appurtenances thereon or thereto.  This Order
7 shall act as a special writ of execution and no further orders or
8 process from the Court shall be required. The terms and
9 conditions of sale shall be as follows:
10    1.   The United States Marshal for the Eastern District of
11 California, his/her representative, or an Internal Revenue
12 Service Property Appraisal and Liquidation Specialist ("PALS"),
13 is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to
14 offer for public sale and to sell the Palo Cedro, Redding, and
15 Bella Vista properties. The United States may choose either the
16 United States Marshal or a PALS to carry out the sale under this
17 Order and shall make the arrangements for any sale as set forth
18 in this Order.
19    2.   The Marshal, his or her representative, or a PALS
20 representative is authorized to have free access to the Palo
21 Cedro, Redding, and Bella Vista properties and to take all
22 actions necessary to preserve the property, including, but not
23 limited to, retaining a locksmith or other person to change or
24 install locks or other security devices on any part of the
25 property, until the deed to the property is delivered to the
26 ultimate purchaser.
27 ///
28 ///

4

1     3.   The terms and conditions of the sale of the Palo Cedro,
2  Redding, and Bella Vista properties are as follows:
3          a.   The sale shall be free and clear of the interests
4  of Michael and Leone Carey, the Ranch Holding Trust, Hidden
5  Meadows Holding Trust, Pamela Graff, and all other parties named
6  in this case.
7          b.   The sale shall be subject to building lines, if
8  established, all laws, ordinances, and governmental regulations
9  (including building and zoning ordinances) affecting the
10 property, and easements and restrictions of record, if any;
11         c.   The sale shall be held at the courthouse of the
12 county or city in which the property is located, on the
13 property's premises, or at any other place in accordance with the
14 provisions of 28 U.S.C. §§ 2001 and 2002;
15         d.   The date and time for sale are to be announced by
16 the United States Marshal, his/her representative, or a PALS;
17         e.   Notice of the sale shall be published once a week
18 for at least four consecutive weeks before the sale in at least
19 one newspaper regularly issued and of general circulation in
20 Shasta County, and, at the discretion of the Marshal, his/her
21 representative, or a PALS, by any other notice deemed
22 appropriate. The notice shall contain a description of the
23 property and shall contain the terms and conditions of sale in
24 this order of sale;
25 ///
26 ///
27 ///
28 ///

1          f.   The minimum bid will be set by the Internal
2  Revenue Service. If the minimum bid is not met or exceeded, the
3  Marshal, his or her representative, or a PALS may, without
4  further permission of this Court, and under the terms and
5  conditions in this order of sale, hold a new public sale, if
6  necessary, and reduce the minimum bid or sell to the second
7  highest bidder;
8          g.   The successful bidder(s) shall be required to
9  deposit at the time of the sale with the Marshal, his/her
10 representative, or a PALS a minimum of ten percent of the bid,
11 with the deposit to be made by certified or cashier's check or
12 cash payable to the United States District Court for the Eastern
13 District of California. Before being permitted to bid at the
14 sale, bidders shall display to the Marshal, his/her
15 representative, or a PALS proof that they are able to comply with
16 this requirement. No bids will be received from any person(s) who
17 have not presented proof that, if they are the successful
18 bidders(s), they can make the deposit required by this order of
19 sale;
20         h.   The balance of the purchase price for the property
21 is to be paid to the United States Marshall or a PALS (whichever
22 person is conducting the sale) within 20 days after the date the
23 bid is accepted, by a certified or cashier's check payable to the
24 United States District Court for the Eastern District of
25 California.
26 ///
27 ///
28 ///

6

1  If the bidder fails to fulfill this requirement, the deposit
2  shall be forfeited and shall be applied to cover the expenses of
3  the sale, including commissions due under 28 U.S.C. § 1921(c),
4  with any amount remaining to be applied to the income tax
5  liabilities of Michael and Leone Carey at issue herein. The
6  realty shall be again offered for sale under the terms and
7  conditions of this order of sale. The United States may bid as a
8  credit against its judgment without tender of cash;

9      i.  The sale of the property shall be subject to
10 confirmation by this Court. The Marshal or a PALS shall file a
11 report of sale with the Court, together with a proposed order of
12 confirmation of sale and proposed deed, within 20 days from the
13 date of receipt of the balance of the purchase price;

14     j.  On confirmation of the sale, the Marshal or PALS
15 shall execute and deliver a deed of judicial sale conveying the
16 property to the purchaser;

17     k.  On confirmation of the sale, all interests in,
18 liens against, or claims to, the property that are held or
19 asserted by all parties to this action are discharged and
20 extinguished;

21     l.  On confirmation of the sale, the recorder of deeds
22 for Shasta County, California shall cause transfer of the
23 property to be reflected upon that county's register of title;
24 and

25     m.  The sale is ordered pursuant to 28 U.S.C. § 2001,
26 and is made without right of redemption.
27 ///
28 ///

4.  Until the Palo Cedro, Redding, and Bella Vista properties are sold, Michael and Leone Carey and all other defendants to this action shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. The defendants, or any other parties claiming an interest in the property, shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5.  All persons occupying the Palo Cedro, Redding, and Bella Vista properties shall leave and vacate the properties permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property).

///
///
///
///

If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action they deem appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner they deem appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

    6.    The proceeds arising from sale of the Palo Cedro and Redding properties are to be paid to the Clerk of this Court and applied, as far as they shall be sufficient to the following items, in the order specified:

        a.    To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

        b.    To all taxes unpaid and matured that are owed to Shasta County for real property taxes on the property;

        c.    To the State of California Franchise Tax Board and the United States as set forth in their stipulation; and

        d.    Any balance remaining after the above payments shall be held by the Court's Registry until further order of this Court.

///

7. The proceeds arising from sale of the Bella Vista property are to be paid to the Clerk of this Court and applied, as far as they shall be sufficient to the following items, in the order specified:

    a. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

    b. To all taxes unpaid and matured that are owed to Shasta County for real property taxes on the property;

    c. To Pamela Welch for amounts owed to her as set forth in her stipulation with the United States;

    d. To the State of California Franchise Tax Board and the United States as set forth in their stipulation; and

    e. Any balance remaining after the above payments shall be held by the Court's Registry until further order of this Court.

IT IS SO ORDERED.

Dated: February 11, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE