UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>MICHAEL CAREY; LEONE CAREY; DOUGLAS CARPA and ROBERT TALBOT (or their successor trustees), as Trustees of the RANCH HOLDING TRUST; MICHAEL BLOOMQUIST (or his successor trustee), as Trustee of the HIDDEN MEADOWS HOLDING TRUST; PAMELA GRAFF; PATRICIA WELCH (aka PATRICIA KOERNER); STATE OF CALIFORNIA FRANCHISE TAX BOARD, and STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS,<br><br>       Defendants. | No. 2:05-cv-02176-MCE-CMK<br><br><br><br>**ORDER** |

----oo0oo----

In response to the Motion for Order of Ejectment (Docket No. 140) filed by Plaintiff the United States of America, and concurrently with their Opposition to said Motion, Defendants Michael and Leone Carey have brought a Motion to Vacate the July 5, 2007 Judgment in this matter pursuant to Federal Rule of Civil Procedure 60(b).

1

1 In addition, John, Byron and George Carey seek leave to intervene
2 as a matter of right under Federal Rule of Civil Procedure 24(a)
3 to file a similar request to vacate the Court's Order of
4 Foreclosure filed February 11, 2008.  The Court now considers
5 both of those requests.
6      Federal Rule of Civil Procedure 60(c) limits the period
7 within which a motion to set aside a judgment can be timely
8 filed.  Any motion filed under Rule 60(b)(1), (2) or (3) must be
9 made within one year of the entry of judgment from which relief
10 is sought.  Fed. R. Civ. P. 60(c)(1).  Here, Defendants Michael
11 and Leone Carey assert both "newly discovered evidence" under
12 Rule 60(b)(2) and "fraud, misrepresentation or misconduct" under
13 Rule 60(b)(3).  See Defs.' Mot. Vacate J. 4-7.  Because the
14 present Motion filed by Michael and Leone Carey was filed on
15 April 13, 2010, close to three years after the Judgment in
16 question was entered on July 5, 2007, it is plainly untimely
17 insofar as it is brought under either Rule 60(b)(2) or (b)(3).
18      Although Mr. and Mrs. Carey's Motion also purports to be
19 brought under Rule 60(b)(4) and (b)(6),[1] and while those
20 subsections do not carry the same express one year limitation,
21 any motion brought under Rule 60(b) "must be made within a
22 reasonable time."  Fed. R. Civ. P. 60(c)(1).
23 ///
24 ///
25 ///
26
27     [1] Those subsections permit relief from a void judgment, and
   further allow a court to vacate a judgment for "any other reason
28 that justifies relief."

2

1  As the United States points out, whether a Rule 60 motion is
2  brought within the requisite reasonable time "depends upon the
3  facts of each case, taking into consideration the interest in
4  finality, the reason for delay, the practical ability of the
5  litigant to learn earlier of the grounds relied upon, and
6  prejudice to the other parties." <u>Lemoge v. United States</u>, 587
7  F.3d 1188, 1196 (9th Cir. 2009); citing <u>Ashford v. Steuart</u>, 657
8  F.2d 1053, 1055 (9th Cir. 1981) (per curiam).

9       As indicated above, the Judgment which the Careys now seek
10 to set aside was filed nearly three years ago.  In the interim
11 period, that Judgment has been both appealed and affirmed by the
12 Ninth Circuit.  Most of the grounds cited by the Careys to
13 support their Motion pertain in some respect to the Chapter 7
14 bankruptcy, which was virtually concluded by the time this action
15 was filed on October 27, 2005 (the Bankruptcy Court's Memorandum
16 and Order relied upon by the Careys, for example, was filed on
17 April 25, 2005 and judgment was subsequently entered two days
18 later).  The Careys have advanced no convincing reason why they
19 could not have brought any arguments pertaining to the bankruptcy
20 much earlier than they in fact did.  The Careys' own papers
21 underscore that point, since they themselves claim to have
22 "discovered" a legal argument in September 2009, yet did not
23 bring it to the Court's attention until some seven months later.
24 ///
25 ///
26 ///
27 ///
28 ///

1    Even more importantly, interests of finality weigh against
2 consideration of the Carey's Motion at this juncture. "There
3 must be an end to litigation someday", <u>Ackermann v. United
4 States</u>, 340 U.S. 193, 198 (1950), and as the United States has
5 delineated in their Opposition to the Careys' Motion, there have
6 been at least three different attacks on the Court's Judgment
7 since the Careys filed their Notice of Appeal in this case. <u>See</u>
8 United States' Opp., 3:16-4:19.

9    Finally, the Careys would fare not better even if their
10 latest claims, as set forth in this Motion, were considered on
11 their merits.  The Careys have shown no newly discovered evidence
12 that could not have been discovered through reasonable diligence,
13 and the evidence they now identify would not have made a
14 difference in the Court's decision in any event. Additionally,
15 the Careys' allegations of fraud against the United States are
16 frivolous; the Bankruptcy Court's decision clearly prevented the
17 Careys' tax liabilities from being discharged in bankruptcy
18 despite the Careys' oft-repeated arguments to the contrary.

19    The request brought by John, George and Byron Carey to
20 intervene as a matter of law so that they then move to set aside
21 the Judgment is no more persuasive.  Their intervention request,
22 brought nearly three years after judgment was entered in this
23 case, is plainly untimely.
24 ///
25 ///
26 ///
27 ///
28 ///

4

In sum, for the reasons set forth above, the Motion to Vacate Judgment brought by Michael and Leone Carey (Docket No. 145), as well as the Motion for Leave to Intervene brought by John, Byron and George Carey (Docket No. 153) are DENIED.[2]

IT IS SO ORDERED.

Dated: May 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing. E.D. Local Rule 230(g).