UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  No. 2:05-cv-02176-MCE-CMK

       Plaintiff,

  v.  **ORDER**

MICHAEL CAREY, LEONE CAREY; DOUGLAS CARPA and ROBERT TALBOT (or their successor trustee), as Trustee of the RANCH HOLDING TRUST; MICHAEL BLOOMQUIST (or his successor trustee) as Truste of the HIDDEN MEADOWS HOLDING TRUST; PAMELA GRAFF; PATRICIA WELCH (aka PATRICIA KOERNER); STATE OF CALIFORNIA FRANCHISE TAX BOARD, and STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS,

       Defendants.

----oo0oo----

Presently before the Court is a "Motion for Rehearing in Camera to Correct Clear Error" filed by Ernest Aldridge, an alleged tenant in one of the properties owned by Defendants Michael and Leone Carey.

1

In addition to his tenancy, Aldridge claimed an ownership interest and as such opposed the Motion for Ejectment filed by the government in this matter after this Court's summary judgment in favor of the United States, which found that the Careys were the sole owners of the properties in question, was affirmed on appeal by the Ninth Circuit. Aldridge filed the instant Motion after the government's ejectment request was granted (Docket No. 160) and Aldridge was ordered to vacate the premises.

Although the grounds on which Aldridge's Motion is brought have not been specified, since his Motion pertains to a judgment issued against the Careys that affected Aldridge's purported interest, the Court will construe his request as a motion seeking to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Such motions should be granted sparingly and only as an extraordinary remedy. <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003).

An examination of the arguments proffered in support of Aldridge's Motion indicate that they have no merit whatsoever, let alone merit justifying the extraordinary remedy of relief under Rule 59(e). Contrary to his contention, the Motion for Ejectment was properly decided and Aldridge was afforded his due process right to be heard; indeed, he had an opportunity to oppose the Motion and did so. Under Eastern District Local Rule 230(g), the Court has the right to dispense with oral argument if it determines that such argument would add nothing to the parties' respective positions as outlined in their written briefing. The Court properly made that determination here.
///

1   Plaintiff's Motion for Rehearing (Docket No. 165) is
2 accordingly DENIED.[1]
3   IT IS SO ORDERED.
4
  Dated: August 11, 2010
5
6                                 _____
7                                 MORRISON C. ENGLAND, JR.
                                  UNITED STATES DISTRICT JUDGE
8

---

[1] Because oral argument was not of material assistance, the Court also ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(g).  While the Court recognizes that Aldridge's Motion contained an express demand for oral argument, under the Local Rules the Court has the discretion to determine that oral argument is unnecessary, and it did so in this instance.