UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                No. 2:05-cv-02176 MCE-CMK

    Plaintiff,

  v.                                       <u>ORDER</u>

MICHAEL T. CAREY, et al.

    Defendants.

----oo0oo----

Before the Court are two motions; (1) non-party Ernest C. Aldridge's Motion to Vacate Judgment (ECF No. 176), and (2) the United States' Motion for an Order Requiring Mr. Aldridge to Show Cause Why He Should Not Be Found in Contempt of Court (ECF No. 177).  The Court has reviewed each motion, and for the reasons stated below, denies both requests.

///
///
///
///

1

**BACKGROUND**

The United States ("Plaintiff") filed a complaint against Michael and Leone Carey ("the Careys") in 2005 to foreclose federal tax liens assessed against various parcels of real property in Shasta County, California. Though various sham trusts and other parties were named as defendants, the Careys were subsequently found to be the true owners of the properties. On February 11, 2008, the Court entered an order decreeing the parcels to be sold to satisfy the unpaid taxes and other credits owed. (See ECF No. 125.) Mr. Aldridge claims to be the current trustee of the sham trusts that had been established to originally shield the properties from creditors. (ECF No. 165.)

The property particularly at issue here is 23658 Highway 299E, Belle Vista, California ("the Property"). On March 12, 2010, Plaintiff filed a Motion for an Order of Ejectment to evict any residents of the properties in question. (ECF No. 140.) The Court granted the motion, and decreed that anyone occupying any of the properties after 12:00 p.m. on June 18, 2010, was required to vacate and depart the premises. (ECF No. 160.) The Court's order authorized the United States Marshal to evict anyone on the property after June 18, and to use force as necessary to do so. Anyone found on the premises of the properties was placed on notice by the order that failure to vacate could result in a fine, incarceration, or both.

///
///
///

1  On July 7, 2010, the United States Marshal took possession
2 of the Property, and Internal Revenue Specialist Douglas McDonald
3 ("Agent McDonald") secured the gate with a chain and padlock.
4 (ECF No. 177-1 at 4.)  Agent McDonald returned to the Property a
5 few weeks later to find the chain cut and the lock vandalized.
6 (Id.)  A sign was on the front gate declaring that Ernest
7 Aldridge was the owner/occupant of the Property.  (Id.)  As
8 recent as September 21, 2010, a lienholder to the Property
9 noticed many signs that someone was still occupying the home, and
10 the sign itself remained posted.  (Id. at 5.)

## ANALYSIS

### A.  Motion to Vacate

Mr. Aldridge has now filed a Motion to Vacate this Court's Judgment, pursuant to Fed. R. Civ. Pro. 60(b)(4).  Specifically, he states that this Court lacks subject matter jurisdiction to hear the case, and that this Court has usurped power where "no arguable ground for jurisdiction exists."  It is unclear what Mr. Aldridge's precise grievance is, as he requests that we vacate "all other Orders issued in this case."

Mr. Aldridge is, nor has ever been, a party to this action. As Plaintiff explained in an earlier opposition (see ECF No. 166), Mr. Aldridge has submitted no information demonstrating that he has a personal and valid interest in any of the properties, let alone the Belle Vista property.

///
///

1  See Buckingham v. Sec'y of U.S. Dep't of Agr., 603 F.3d 1073,
2  1082 (9th Cir. 2010) (explaining that an opportunity to be heard
3  is granted to those deprived of a constitutional protection).
4  For these reasons, Mr. Aldridge's Motion to Vacate is denied.

**B.   Request for an Order to Show Cause**

8      Plaintiff has filed a Motion for an Order to Show Cause
9  requesting the following relief: (a) enter an order directing
10 Mr. Aldridge to show cause as to why he should not be found in
11 civil contempt; (b) direct Mr. Aldridge to file a written
12 response to the order in advance of the hearing; (c) schedule a
13 hearing on the matter; and (d) should the Court find Mr. Aldridge
14 in contempt, jail him immediately until he vacates the Property
15 and agrees not to return.
16     The Court's previous Order of Ejectment clearly enumerates
17 what consequences may face anyone who fails to vacate any of the
18 properties at issue.  The United States Marshal has been granted
19 full authority to remove anyone from the premises who is in
20 violation of the Court's Order, and to do so using force if
21 necessary.  There are also several criminal statutes at
22 Plaintiff's disposal if Mr. Aldridge is, in fact, trespassing on
23 the Property.  At this juncture, apart from the remedies
24 available in the Order of Ejectment, the Court lacks jurisdiction
25 to provide the relief Plaintiff requests.  Plaintiff's requests
26 are denied.
27 ///
28 ///

4

**CONCLUSION**

In light of the foregoing, both Mr. Aldridge's Motion to Vacate and Plaintiff's Motion for an Order to Show Cause are DENIED.

IT IS SO ORDERED.

Dated: November 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE