Presented by:

BENJAMIN B. WAGNER
United States Attorney

KARI D. LARSON
ADAM D. STRAIT
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
adam.d.strait@usdoj.gov
Telephone: (202) 307-2135
Facsimile: (202) 307-0054

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Civil No. 2:05-cv-2176-MCE |
| v. | **SECOND ORDER OF EJECTMENT** |
| MICHAEL CAREY; LEONE CAREY; DOUGLAS CARPA and ROBERT TALBOT, as Trustees of the RANCH HOLDING TRUST; MICHAEL BLOOMQUIST, as Trustee of the HIDDEN MEADOWS HOLDING TRUST; PAMELA GRAFF; PATRICIA WELCH; STATE OF CALIFORNIA FRANCHISE TAX BOARD; and STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS, | Hearing date: April 7, 2011<br>Hearing time: 2:00 p.m.<br>Hearing place: 501 I Street, Sacramento, CA<br>Courtroom 7 |
| Defendants. | |

This matter is now before the Court on the United States' Motion for Second Order of

Ejectment, scheduled for hearing on April 7, 2011 at 2:00 p.m. The Motion seeks an Order of

Ejectment due to the purported lease of certain real property, and argues that the purported lease

1    is of no effect because of this Court's previous orders.  The Court finds the Motion to have been

2    properly noticed and served under Eastern District Local Rule 230(d) and Federal Rule of Civil

3    Procedure 5(b)(2)(C), since it was mailed to the interested parties, and posted directly on the

4    property at issue, at least 28 days prior to the hearing.[1]  Having considered the Motion, the

5    documents submitted in both support and opposition, as well as reply, the Court hereby FINDS

6    the following facts:[2]

7        1)   The Court determined in its 2007 Judgment (ECF Nos. 109, 110) that the Hidden

8    Meadows Holding Trust has no interest in the real property located at 23658 Highway 299E,

9    Bella Vista, California, 96008 ("the Bella Vista Property").

10       2)   Any document purporting to be a lease of the Bella Vista Property that was

11   executed by the Hidden Meadows Holding Trust or any of its trustees is invalid to convey any

12   possessory rights in the property, because the Trust did not hold those rights to convey.

13       3)   Specifically, any lease of the Bella Vista Property Jason Penta purports to have

14   from the Hidden Meadows Holding Trust is of no effect.

15       4)    Despite the repeated requests and warnings of the United States, Jason Penta has

16   refused to vacate the Bella Vista Property, this Court's previous orders notwithstanding.

17       5)   Jason Penta's claim of right to possession of the Bella Vista Property is invalid.

18       6)   The entry of a second Order of Ejectment is necessary and appropriate to the

19   execution of the Court's Judgment in this case and to effectuate its previous Orders.

20       Wherefore, and for other good cause found, it is hereby ORDERED:

---

[1] Jason Penta's Motion to Continue the hearing date for the instant motion (ECF No. 99) is DENIED.

[2] In accordance with Local Rule 230(g), the Court has determined that oral argument on the United States' Motion would not be of material assistance and it consequently orders this matter submitted on the briefs.

1)   The United States' Motion for Second Order of Ejectment (ECF No. 193) is GRANTED.

2)   It is hereby ORDERED, ADJUDGED, AND DECREED that Jason Penta, and any other occupant of the Bella Vista Property, shall vacate and depart from the Bella Vista Property no later than midnight on the second day following the date of entry of this Order.

3)   It is further ORDERED that the United States Marshal Service is authorized and directed to enforce this Order at any time that it deems appropriate after midnight on the second day following the date of entry of this Order,  by (1) entering the Property, and any and all structures and vehicles located upon such Property, (2) evicting any unauthorized persons from all locations on the Property, including, but not limited to, the structures, vehicles, and grounds, and (3) using force as necessary to do so.  When the United States Marshal Service concludes that all unauthorized persons have vacated, or been evicted from the Property, it shall relinquish possession and custody of the Property and any personal property found thereon to an Internal Revenue Service Property Appraisal and Liquidation Specialist.

4)   It is further ORDERED that if Jason Penta, Ernest Aldridge, Michael Carey, Leone Carey, or any other person with knowledge of this Order fails to vacate and depart from the Property by midnight on the second day following the entry of this Order; attempts to enter onto the Property after that date and time; or purports to authorize, permit, or in any way allow any person to remain on the Property or to enter onto the Property after that date and time, that person shall be subject to being found in contempt of this Order of this Court, which may subject that person to a fine, incarceration, or both.

///

///

5) It is further ORDERED that the United States shall provide notice of this Order to Jason Penta by transmitting a true and complete copy thereof to Robert Logan, Esq., counsel for Jason Penta, and by posting a copy of this Order on the gate leading to the Bella Vista Property from Highway 299E no later than midnight on the first day following entry of this Order.

**IT IS SO ORDERED.**

DATE: April 5, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE